**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOSEPH COOPER, | Case No. 2:19-cv-01210-RFB-DJA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| SUMMERLIN HOSPITAL MEDICAL CENTER, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#1), filed on July 11, 2019.

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a complaint along with the application. The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, he must demonstrate that because of his poverty he cannot pay those costs and still provide herself with the necessities of life. *See Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g., Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty

adequately"). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

Plaintiff indicates that he has gross pay or wages of $1,200.00 or $1,280.00 per month.[1] Plaintiff also indicates that he receives disability or worker's compensation payments in response to question 3, but fails to answer the follow up question to describe the source of money, the amount, and what he expects to receive in the future. Nevertheless, his listed expenses total $670.00, which is well below his stated income. As a result, the Court finds that Plaintiff does not qualify for *in forma pauperis* status. Therefore, the Court will recommend that his application be denied. The Court will retain plaintiff's complaint (ECF No. 1-1), but it will not expend resources to screen it at this time given its recommendation that he pay the filing fee.

Based on the foregoing and good cause appearing therefore,

## **RECOMMENDATION**

IT IS THEREFORE RECOMMENDATION that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **denied**.

IT IS FURTHER RECOMMENDATION that plaintiff must pay the full $400 fee for a civil action, which includes the $350 filing fee and the $50 administrative fee, to proceed in this action.

## **NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the

---

[1] Both amounts are listed in response to question two.

order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: December 27, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE